UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MOLI PASIA,<br><br>Petitioner,<br>v.<br>ATTORNEY GENERAL OF THE U.S., et al.,<br><br>Respondents. | Case No. 2:21-cv-00550-GMN-VCF<br><br>ORDER |

Moli Pasia has submitted a *pro se* habeas corpus petition under 28 U.S.C. § 2241 challenging his continued detention by U.S. Immigration and Customs pending enforcement of his final order of removal. On June 16, 2021, Pasia responded to this court's order to show cause and file such proof he may have to demonstrate that his petition should not be dismissed without prejudice for failure to exhaust administrative remedies (ECF Nos. 5, 6).

As the court previously noted, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*., provides a "complex statutory framework of detention authority," codified at 8 U.S.C. §§ 1226 and 1231. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). Where a non-citizen falls within the statutory scheme "can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Id.* In general, § 1226(a) governs detention during the pendency of a non-citizen's removal

1

proceedings, and § 1231(a)(6) governs detention following the issuance of a final removal order.

The Ninth Circuit has held that that the government may not detain a non-citizen "for a prolonged period without providing him a neutral forum in which to contest the necessity of his continued detention." *Casas-Castrillon v. DHS*, 535 F.3d 942, 949 (9th Cir. 2008) (establishing so-called "*Casas* hearings"). The Ninth Circuit extended *Casas-Castrillon* to detainees with final removal orders in *Diouf v. Napolitano* (*Diouf II*), 634 F.3d 1081 (9th Cir. 2011), holding that prolonged detention under § 1231(a)(6) is prohibited without an individualized hearing to determine whether the person is a flight risk or a danger to the community. Because prolonged detention without a hearing presents serious due process concerns, and the statute did not plainly authorize such detention, the court construed § 1231(a)(6) to require a custody hearing before an immigration judge where detention has lasted six months.[1] *Diouf II*, 634 F.3d at 1086. The Ninth Circuit recently reaffirmed that, under § 1231(a)(6), the government is required to show by clear and convincing evidence that detention is necessary to prevent flight and danger. *Flores Tejada v. Godfrey*, 954 F.3d 1245, 1249 (9th Cir. 2020).

If noncitizens who are held in custody under 8 U.S.C. § 1231(a)(6) are dissatisfied with the Immigration Judge's (IJ) bond determination, they may file an

---

[1] Immigration regulations indicate that an IJ loses jurisdiction to redetermine bond when an order of removal becomes administratively final. *See* 8 C.F.R. § 1236.1(d). However, the Ninth Circuit confirmed in *Diouf II* that immigration judges have jurisdiction to conduct bond hearings when a § 1231(a)(6) detainee has been detained for over six months. *Diouf II*, 634 F.3d at 1091 ("The regulations do not afford adequate procedural safeguards because they do not provide for an in-person hearing, they place the burden on the alien rather than the government and they do not provide for a decision by a neutral arbiter such as an immigration judge.") (citing *Casas-Castrillon*, 535 F.3d at 951–52; *see also Zadvydas v. Davis*, 533 U.S. 678, 692 (2001) (holding that indefinite detention under § 1231(a)(6) raised serious constitutional concerns, in part because "the sole procedural protections available to the alien are found in administrative proceedings, where the alien bears the burden of proving he is not dangerous").

administrative appeal so that "the necessity of detention can be reviewed by . . . the [Board of Immigration Appeals] (BIA)." *Prieto–Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008). If they remain dissatisfied, they may file a petition for habeas corpus in the district court. *See, e.g., Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (petitioner "pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. Leonardo should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision"); *Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014) (issue exhaustion is a jurisdictional requirement); *Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (declining to address a due process argument that was not raised below, which could have been addressed by the agency); *Singh v. Holder*, 638 F.3d 1196, 1200–03 (9th Cir. 2011); *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (no jurisdiction to review legal claims not presented in the petitioner's administrative proceedings before the BIA).

Here, Pasia states that an IJ ordered him removed to Samoa in December 2020, and he did not appeal the decision (ECF No. 1-1, p. 1). He seeks to be released on supervision. He states that ICE reviewed his detention on March 4, 2021. He now clarifies that he recently filed a motion for custody redetermination with the immigration court in Las Vegas (ECF No. 6, p. 1). The outcome of his motion may render his petition moot. Accordingly, the petition is dismissed without prejudice as unexhausted.

**IT IS THEREFORE ORDERED** that the Clerk DETACH and FILE the petition (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the petition is **DISMISSED** without prejudice as unexhausted.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

3

**IT IS FURTHER ORDERED** that the Clerk send to petitioner 1 copy of the papers he filed in this action.

**IT IS FURTHER ORDERED** that the Clerk enter judgment accordingly and close this case.

DATED: 1 July 2021.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE